UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTHONY MONTGOMERY-WILSON<br>    also known as "A.J." and "Mike City A.J.," and<br>PRESTON POWELL,<br>    also known as "Marley" | No. 23 CR 546<br><br>Judge Thomas M. Durkin |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendants and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendants and defense counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be

shown copies of the materials as necessary to prepare the defense. Although counsel for potential witnesses may be provided with copies of the materials, the potential witnesses may not retain copies without prior permission of the Court. In the event that counsel for a potential witness is provided with copies of the materials, defense counsel must provide the witness's counsel with a copy of this Order.

3. Defendants, defense counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendants, defense counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendants, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. To the extent any material is produced by the United States to defendants or defense counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within a reasonable amount of time following the receipt of such a request, defendants and/or defense counsel shall either (a) return all such material if in hard copy, and in the case of

electronic materials, certify in writing that all copies of the specified material have been deleted from any location in which the material was stored, or (b) file a motion with the Court seeking to retain any such material that is not returned/deleted.

7. Certain materials disclosed or to be disclosed by the government contain particularly sensitive information, including medical and financial information, of one or more persons other than the defendant to whom the information is disclosed. These materials shall be plainly marked as "Sensitive" by the government prior to disclosure. No such materials, or the information contained therein, may be disclosed to any persons other than defendants, counsel for defendants, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except in the case of a defendant who chooses to include in a public document sensitive information relating solely and directly to the defendant making the filing).

8. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as

long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials. The restrictions in this Order do not limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party that attaches or otherwise discloses specially identified Sensitive information as described above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER: *Thomas M Durkin*

HONORABLE THOMAS M. DURKIN
United States District Court
Northern District of Illinois

Date: November 30, 2023

4