UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23 CR 546 |
| Plaintiff, | |
| | Honorable Thomas M. Durkin |
| v. | |
| ANTHONY MONTGOMERY-WILSON, | |
| Defendant. | |

**DEFENDANT ANTHONY MONTGOMERY-WILSON'S
MOTION TO SUPPRESS EVIDENCE RECOVERED DURING THE SEARCHES OF A
CELLULAR TELEPHONE RECOVERED BY
LAW ENFORCEMENT ON FEBRUARY 20, 2022[1]**

Anthony Montgomery-Wilson, by his attorneys, Darryl Goldberg and Keith Spielfogel, move this Honorable Court to suppress evidence recovered as a result of the seizure of his cell phone on February 20, 2022 and the numerous searches of the same.[2] In support, it is stated:

**I.      Factual Background**

The relevant sequence of events is as follows:

1. On December 24, 2021 a Jeep Cherokee with license plate number CQ15339 was stolen from the driveway of a home in New Lenox, IL. *See* Exhibit 1:(New Lenox Case Report. Note: the report indicates the date of the theft to be December 21, 2021. It is actually December 24, 2021).

---

[1] Law enforcement also recovered a second cell phone on January 7, 2022. The government contends the second phone was used by Montgomery-Wilson at the time of the Stephon Mack murder. The government has advised the defense that attempts made by the Chicago Police Department and the FBI to search that phone have been unsuccessful. For that reason, the attempted searches of the phone seized on January 7, 2022 is not included in this motion.

[2] Counsel for Montgomery-Wilson are continuing to investigate this matter and may supplement this motion upon receipt of additional information/evidence.

1

2. On February 20, 2022 at 00:06 law enforcement observed the stolen vehicle. Illinois State Police (ISP) and Chicago Police (CPD) pursued the vehicle. According to the CPD police report, Montgomery-Wilson got out of the car and fled. He was pursued and taken into custody by the CPD. *See* Exhibit 2 (CPD police report). At or near the time of the arrest, Montgomery-Wilson's cell phone was seized. Based on information and belief and according to some of the discovery tendered by the government, ISP took possession of that phone.

3. On February 21, 2022 Montgomery-Wilson was charged with Possession of a Stolen Vehicle and other charges. His case was set for a preliminary hearing in BR 44 located at 3150 W. Flournoy St., Chicago.

4. On February 22, 2022 FBI Agent Thomas Callaghan received the cell phone from ISP. *See* Exhibit 3 (New Lenox Supplemental Report).

5. On February 23, 2022 Montgomery-Wilson posted bond and was released from the Cook County Jail.

6. On February 25, 2022 FBI Agent Callaghan gave the cell phone to New Lenox Police Detective Brandon Tilton. *See* Exhibit 3.

7. On February 28, 2022 Montgomery-Wilson went to the Cook County Sheriff's Police located in Maywood, Illinois and demanded return of his cell phone. *See* Exhibit 4 (Montgomery-Wilson Affidavit). Law enforcement refused to return the phone.

8. On March 3, 2022 New Lenox Detective Tilton submitted a complaint to search the cell phone. A warrant for the search was granted. *See* Exhibit 5 (New Lenox Warrant).

9. On March 11, 2022 a search of the cell was conducted by Detective German of the Joliet Police Department. He had been given the cell by Detective Tilton. The search included a forensic extraction. *See* Exhibit 6. (GrayKey Progress Report). The contents of the search were shared with

2

the FBI.

10. On March 26, 2022 Montgomery-Wilson was arrested on a gun charge. He has been in custody since that date.

11. The contents of the March 11, 2022 forensic extraction were not reviewed by the New Lenox Police Department until July 8, 2022 after Detective Tilton retrieved the cellular phone and external hard drive containing the GrayKey extraction from Detective German of the Joliet PD. *See* Exhibit 7 (Narrative Supplemental Report).

12. On March 24, 2023, a year after the New Lenox search warrant was obtained, FBI Agent Callaghan obtained a federal search warrant to search the cell phone. *See* Exhibit 8 (federal search warrant).[3]

I.    **The New Lenox's Police Department's 11-Day Delay in Seeking a Warrant to Search Defendant's Cell Phone Was Unreasonable Under the Fourth Amendment, So This Court Should Suppress the Results of Any Search of the Phone, and Any Evidence Derived Therefrom**

The Supreme Court has held that law enforcement must act within a reasonable period in obtaining a search warrant to search seized property. See *Segura v. United States*, 468 U.S. 796, 812, 104 S. Ct. 3380, 82 L.Ed 2d 599 (1984) and *United States v. Place*, 462 U.S. 696,709, 103 S. Ct. 2337, 77 L.Ed 110 (1983). The Seventh Circuit has repeatedly recognized that requirement. In *United States v. Burgard*, 675 F. 3d 1029 (7th Cir. 2012) the court, citing *Moya v. United States*, 761 F.2d 322, 325 n.1(7th Cir. 1984) stated that "[W]hen officers fail to seek a search warrant, at some point the delay becomes unreasonable and is actionable under the Fourth Amendment. *Burgard* further pointed out that each case is fact specific. "[T]here is unfortunately no bright line past which delay

---

[3] On March 24, 2023 the FBI also sought and obtained a search warrant for the cell phone seized on January 7, 2022 as referenced in footnote 1.

3

becomes unreasonable." *Burgard* at 1033. While there are no bright lines, *Burgard* set forth several factors to be considered in making the reasonable time determination required under the Fourth Amendment. Those factors and their application to the facts in this case are set forth below.

### a. Any possessory interest the defendant has in the seized object

The object seized from the vehicle when Montgomery-Wilson was arrested was his cell phone. In *Burgard* the court, on the issue of possessory interest, stated that "it can be revealing to see whether the person from whom the item was taken ever asserted a possessory claim to it-perhaps by checking on the status of the seizure or looking for assurances that the item would be returned. If so, this would be some evidence (helpful, though not essential) that the seizure in fact affected her possessory interests." *Burgard* at 1033. The court further pointed to the fact that Burgard had a strong interest in possessing his cell phone as he asserted his possessory interests by voluntarily going to the police station to obtain a property receipt which would help him obtain the phone's return." *Burgard* at 1034.

Mr. Montgomery-Wilson posted bond on February 23, 2022. He was informed by his attorney that he needed to go to the Cook County Sheriff's Office in Maywood to retrieve his phone. Five days after he posted bond he went to that office with his property receipt and requested return of his phone. The law enforcement officer refused his request.

In the recent Seventh Circuit case of *United States v. Jaron Jay Jackson, 132 F.4th 1019* (7th Cir., 2025), the defendant sought suppression of evidence recovered from his cell phone based on a 40-day delay from the date of his arrest until the date the warrant was obtained. In reaching its decision the court relied heavily on the fact that Jackson had been in custody from the date of his arrest. The court reasoned that he did not have a right to keep the phone in his possession during his time in custody as no jail or prison allows inmates to keep and use phones. The court also noted that

4

Jackson made no attempt to have a third person retrieve the phone nor did he file a motion for return of the property. The opinion, citing *Burgard*, made a clear distinction between the factual situation in Jackson's case from the factual situation in Montgomery-Wilson's case. The court stated:

> Suppose an arrested person's phone is seized, after which the suspect posts bail and is released. The release presumptively entitles him to regain his possessions, for a phone like a car may be essential to lawful activities. Cf. *Riley v. California*, 573 U.S. 373 (2014) (discussing the importance of cell phones and the data they contain). The value of this possessory interest is why we suggested in *United States v. Burgard*, 675 F.3d 1029 (7th Cir. 2012), that six days' delay in obtaining a warrant to search a cell phone is near the outer limit. Burgard had been stopped and questioned but not arrested, though the police held onto his phone. We affirmed his conviction but cautioned officers not to assume that they could take longer than a week. Our opinion focused directly on the time during which the police deprived Burgard of his possessory interest. *Id*. at 1031, 1033. See also *United States v. Mitchell*, 565 F.3d 1347 (11th Cir. 2009) (21- day delay unreasonable when suspect was not in custody); *United States v. Pratt*, 915 F.3d 266 (4th Cir. 2019) (31-day delay unreasonable when suspect was not in custody).

The supposition posed in *Burgard* is what occurred in the Montgomery-Wilson delay. Montgomery-Wilson had a possessory interest in his cell phone. He, in person while not in custody, demanded it back. Law enforcement refused his demand. That brings us to the second factor set forth in *Burgard*.

### b. Law enforcement did not diligently pursue their investigation

The *Burgard* court stated: "…we must 'take into account whether the police diligently pursue[d] their investigation. *Place* 462 U.S. at 709." Further stating that "when police neglect to seek a warrant without any good explanation for that delay, it appears that the state is indifferent to searching the item and the intrusion on an individual's possessory interest is less likely to be justifiable." *Burgard* at 1033.

To date the government has not set forth any reason that would justify the 11-day delay in

obtaining the New Lenox search warrant. *See United States v. Mitchell,* 565 F.3d 1347, 1351 (11th Cir. 2009) (21-day delay was unreasonable where "[t]he only reason Agent West gave for the twenty-one-day delay in applying for a search warrant was that he 'didn't see any urgency' ");*United States v. Pratt*, 915 F.3d 266 (4th Cir. 2019) (Government's 31-day-delay in obtaining search warrant for the contents of defendant's cell phone after FBI seized the phone was unreasonable. "The government's only explanation for the 31-day delay in obtaining a warrant was that Pratt committed crimes in both North Carolina and South Carolina and agents had to decide where to seek a warrant. We find this explanation insufficient to justify the extended seizure of Pratt's phone."); *People v. McGregory*, 2019 IL App (1st) 173101 (Ill. 2019) (eight-month-delay unreasonable); *United States v. Navarro*, 2019 WL 3877699 (Dist. Arizona) (49-day-delay in obtaining search warrant for phone requires suppression); *United States v. Uu*, 293 F.Supp.3d 1209 (District Hawaii 2017) (despite government's strong interest in the search and defendant's failure to assert his possessory interest, lack of reasonable explanation for 20-day-delay in obtaining warrant for backpack required suppression); *United States v. Fife*, (N.D. Iowa 2019) 356 F.Supp.3d 790 (six- month-delay in obtaining warrant for computer mandated suppression).

Montgomery-Wilson was arrested by the ISP and the CPD just after midnight on February 20, 2022. ISP towed the recovered vehicle and took custody of the seized cell phone. Chicago Police took custody of Montgomery-Wilson. For two days no one connected with the ISP took action to secure a search warrant for the phone. Instead, it was transferred to an FBI agent. For the next three days no action was taken by the FBI to obtain a search warrant. Instead, on February 25, 2025 the FBI turned the cell phone over to the New Lenox Police. The New Lenox Police then took no action to secure a search warrant for six more days. In short, for days none of the three agencies involved exhibited any diligence or concern in attempting to search the seized cell phone. Instead, it was just

6

passed from one agency to the other. The most reasonable explanation for the 11-day delay mirrors the reason given in the *Mitchell* case that law enforcement just did not see the urgency in securing a warrant. In the absence of a compelling reason for the passage of 11 days in obtaining the warrant-no reason for which is offered in the affidavit- the search in this case exceeded the warning given in *Burgard* that a six-day delay was a near outer limit that the court would permit under the Fourth Amendment requirement for obtaining a search warrant within a reasonable period. Moreover, once a search was executed (and a GrayKey forensic extraction performed), the resulting fruits of that search were not even looked at until July 8, 2022, *approximately 120 days later*. *See* Exhibit 7. The failure to meet that requirement attests to the lack of diligence exhibited by law enforcement in this case.

### c. Probable cause did not exist for the seizure of Montgomery-Wilson's cell phone

The court in *Burgard* stated: "A key factor in our analysis is the strength of the state's basis for the seizure. The state has a stronger interest in seizures made on the basis of probable cause than in those resting only on reasonable suspicion." *Burgard* at 1033. The lack of probable cause to search the seized cell phone is set forth in the argument below (Section II). That argument establishes that, at best, law enforcement had no more than a reasonable suspicion that the cell phone might contain evidence of a crime.

In summary, Montgomery-Wilson had a possessory interest in the cell phone recovered by the Illinois State Police on February 20, 2022. He asserted that possessory interest by driving to the Cook County Sheriff's Office in Maywood and demanding the return of his cell phone. Law enforcement did not return the cell phone. Instead, it proceeded to pass the phone from the ISP, to the FBI, and then over to the New Lenox Police for a period of 11 days. At the time of the transferring

back and forth of the phone, law enforcement, did not have probable cause to search the seized cell phone. The New Lenox search of the seized cell phone must, therefore, be suppressed.

**II. The New Lenox Search of Defendant's Cell Phone Must Be Suppressed**

      **a. The affidavit for the search warrant did not establish probable cause**

The search warrant and affidavit for its issuance is attached as Exhibit 5. The affidavit sets out on page 6, paragraph 2 that it is submitted for the purpose of searching, seizing, and analyzing the Montgomery-Wilson cell phone for evidence of the offense of Aggravated Possession of a Stolen Motor Vehicle. Throughout the body of the affidavit the fact that it seeks to search for evidence of Possession of a Stolen Vehicle is repeated (Exhibit 5, Pars. 2C, 2D, 2K, and 6). The affidavit concludes with the statement that "Based on the above information, I believe that there is probable cause to believe that evidence of the offense(s) of **Aggravated Possession of a Stolen Motor Vehicle 625 ILCS 5/4-103(a)(3)**, is contained within the above-described devices.

A police officer has probable cause to conduct a search when "the facts available to [him]would 'warrant a [person] of reasonable caution in the belief'" that contraband or evidence of a crime is present. *Florida v Harris*, 568 US 237, 243; 133 S Ct 1050; 185 L Ed 2d 61 (2013), quoting *Texas v Brown*, 460 US 730, 742; 103 S Ct 1535; 75 L Ed 2d 502 (1983) An affidavit supporting a search warrant must indicate "that contraband or evidence of a crime will be found in a particular place." *Illinois v Gates*, 462 US 213, 238; 103 S Ct 2317; 76 L Ed 2d 527 (1983). There must "be a nexus . . . between the item to be seized and criminal behavior." *Warden, Md Penitentiary v Hayden*, 387 US 294, 307; 87 S Ct 1642; 18 L Ed 2d 782 (1967); accord *United States v Brown*, 828 F3d 375, 382 (CA 6, 2016) (requiring that affidavits must set forth "sufficient facts demonstrating why the

police officer expects to find evidence in the [place to be searched] rather than in some other place")
(citation omitted). This connection must be specific and concrete, not vague or generalized. See
*Brown*, 828 F3d at 382.

The affidavit sets forth that police had the make and model of a stolen vehicle. They also
had the license plate number of the vehicle. They, therefore, had an adequate basis to stop the vehicle
and to arrest the driver, Montgomery-Wilson. That fact, however, does not establish the required
nexus to do anything with his cell phone other than inventory it as Montgomery-Wilson's personal
property. Police may believe that if they search a cell phone of someone believed to be involved in
criminal activity they may recover something of an evidentiary value but that is far different from
having probable cause to search the cell phone. There is no specific, concrete basis set forth in the
New Lenox affidavit connecting the possession of a stolen vehicle to the recovered cell phone.

The affiant first attempts to create that nexus by averring in the affidavit that "I also believe
evidence of the crime of aggravated possession of a stolen motor vehicle may be found in Mr.
Montgomery-Wilson's cellular phone. (Exhibit 5, pg 11). That statement offers no basis supporting
the issue of probable cause. "Conclusory statements by the affiant are insufficient because they give
the magistrate "virtually no basis at all for making a judgment regarding probable cause." A
magistrate cannot merely ratify the conclusions of the affiant; the affidavit must allow the magistrate
to independently determine and evaluate probable cause. *Illinois v. Gates,* 462 U.S.213 at 239. In
this case the officer's belief that he would find evidence in Montgomery-Wilson's cell phone is a
mere conclusory statement providing no support for probable cause that the cell phone actually
contained evidence of possession of a stolen vehicle.

The affiant's second attempt to establish the required nexus is by stating, " I know from
previous investigations that cellular phones are used to communicate and coordinate the steal and

9

transfer of stolen motor vehicles." (Exhibit 5, pg. 11). Again, the affidavit speaks in conclusory terms. There is no mention of a specific case or cases. There are no facts correlating the facts in the supposed cases he knows about to the facts in the Montgomery-Wilson cell phone search. Training and experience may buttress actual, particularized facts but permitting a search based on an officer's experience in other cases and general evidence of wrongdoing in a case "would be to invite general warrants authorizing searches of any property owned, rented, or otherwise used by a criminal suspect-just the type of broad warrant the Fourth Amendment was designed to foreclose." *United States v. Schultz*, 14 F.3d 1093, 1097-98 (CA 6, 1994).

As stated above, at best, law enforcement had no more than a reasonable suspicion that the cell phone might contain evidence of a crime. Reasonable suspicion is not probable cause. Therefore, evidence derived from the New Lenox search of the cell phone must be suppressed.

b. **The search of the defendant's cell phone did not occur within the statutory allotted 96 hours from the time of the warrant issuance**

Section 725 ILCS 5/108-6 of the Illinois Criminal Code in relevant part states:

> **The warrant shall be executed within 96 hours of its issuance.** If the warrant is executed the duplicate copy shall be left with any person from whom any instruments, articles or things seized or if no person is available the copy shall be left at the place from which the instruments, articles or things were seized. **Any warrant not executed within such time shall be void and shall be returned to the court of the judge issuing the same as "not executed." (**Emphasis added**).

The New Lenox search warrant for the cell phone was approved by a judge on March 3, 2022 at 2:50 p.m. *See* Exhibit 5 pg. 5. Exhibit 5, pg. 13, signed by Detective Tilton, states that the search was executed on March 4, 2022. It further states the Date Returned to be May 10, 2022.

Exhibit 6, as stated above in paragraph 9, establishes that Detective German conducted the

extraction on the cell phone on March 11. In order to comply with Section 725 ILCS 5/108-6 the search of the phone had to be conducted by March 7, 2022 at 2:50 p.m. The statute is clear that the failure to comply with the 96 hour requirement renders the warrant void. A void warrant cannot be the basis of a valid search. Therefore, evidence obtained during the March 11, 2022 extraction by Detective German must be suppressed.

### III. This Court Must Suppress the Results of the Federal Search Warrant Which was Executed More Than a Year After Law Enforcement Seized the Phone.

Waiting over a year to obtain a search warrant is not reasonable under any set of circumstances, and certainly not under the circumstances presented in this case. The FBI retrieved the cell phone from the ISP within two days of Montgomery-Wilson's arrest for possession of a stolen vehicle. The fact that the FBI took possession of the cell phone after a possession of a stolen vehicle arrest made by CPD and ISP indicates that the FBI had an interest in Montgomery-Wilson in February 2022. If not by February 2022, the FBI certainly was focused on Montgomery-Wilson shortly after New Lenox had the extraction performed on the phone on March 11, 2022 and shared the results of that extraction with the FBI. No explanation is provided in the affidavit for delaying over a year to apply for a warrant. That delay exceeded any reasonable time frame permitted by the Fourth Amendment. It requires suppression of the FBI search of the Montgomery-Wilson cell phone in March of 2023.

### IV. Conclusion

The ISP and FBI have failed to demonstrate a reasonable bases for their delays in seeking to obtain a warrant to search Montgomery-Wilson's cell phone. On the facts and law set forth above, the government is not going to be able to show that its 11-day-delay was reasonable, and certainly

will not be able to show that its over-a-year-delay was reasonable.

The Court should grant this motion to suppress. Once the Court grants the motion, a *Kastigar*-type hearing will be necessary to determine what if any evidence was derived from the unreasonable search of these phones. *See Kastigar v.United States*, 406 U.S. 441 (1972); *Mapp v. Ohio*, 367 U.S. 643 (1961).


Respectfully submitted,

*/s/Keith Spielfogel*
*/s/Darryl Goldberg*
Attorneys for Montgomery-Wilson

ARDC # 2689537
Keith A. Spielfogel
190 S. LaSalle St.
Suite 540
Chicago, IL 60603
T: (312)236-6021
spielfogel@sbcglobal.net


ARDC # 6280112
Darryl A. Goldberg
Law Offices of Darryl A. Goldberg
33 N. Dearborn St.
Suite 1830
Chicago, IL 60602
T: (773) 793-3196
dgoldberg@dgoldbergdefense.com