

**FILED**

**APR 16 2026**

**JUDGE THOMAS M. DURKIN**
**U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ANTHONY MONTGOMERY-WILSON,
also known as "A.J." and "Mike
City A.J."

No. 23 CR 546

Judge Thomas M. Durkin

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, ANDREW S. BOUTROS, and defendant ANTHONY MONTGOMERY-WILSON, also known as "A.J." and "Mike City A.J.," and his attorneys, KEITH SPIELFOGEL and DARRYL GOLDBERG, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(C), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charge in This Case

2.     The superseding information in this case charges that defendant, in the course of a violation of Title 18, United States Code, Section 924(c), did use, carry, brandish, and discharge a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the use of a facility of interstate commerce with the intent that a murder be committed, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Section 5/9-1, 5/5-1, and 5/5-2), namely, the murder of Victim A, as consideration for

the receipt of, and as consideration for the promise and agreement to pay, a thing of pecuniary value, and the death of Victim A did result, in violation of Title 18, United States Code, Section 1958(a), in violation of Title 18, United States Code, Section 924(j)(1).

3.     Defendant has read the charge against him contained in the superseding information, and that charge has been fully explained to him by his attorney.

4.     Defendant fully understands the nature and elements of the crime with which he has been charged.

**Charge to Which Defendant Is Pleading Guilty**

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the superseding information, which charges that defendant, in the course of a violation of Title 18, United States Code, Section 924(c), did use, carry, brandish, and discharge a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the use of a facility of interstate commerce with the intent that a murder be committed, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Section 5/9-1, 5/5-1, and 5/5-2), namely, the murder of Victim A, as consideration for the receipt of, and as consideration for the promise and agreement to pay, a thing of pecuniary value, and the death of Victim A did result, in violation of Title 18, United States Code, Section 1958(a), in violation of Title 18, United States Code, Section 924(j)(1).

In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, constitute relevant conduct pursuant to Guideline § 1B1.3, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about January 27, 2022, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant ANTHONY MONTGOMERY-WILSON, also known as "A.J." and "Mike City A.J.," in the course of a violation of Title 18, United States Code, Section 924(c), did use, carry, brandish, and discharge a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the use of a facility of interstate commerce with the intent that a murder be committed, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Section 5/9-1, 5/5-1, and 5/5-2), namely, the murder of Victim A, as consideration for the receipt of, and as consideration for the promise and agreement to pay, a thing of pecuniary value, and the death of Victim A did result, in violation of Title 18, United States Code, Section 1958(a), in violation of Title 18, United States Code, Section 924(j)(1).

Specifically, as of January 22, 2022, defendant knew that he had previously been convicted of a crime punishable by a term of imprisonment in excess of one year, namely, aggravated unlawful use of a weapon on or about September 5, 2018, as described in Paragraph 9(c) below.

Despite being a convicted felon, on January 22, 2022, defendant was in possession of a Ruger AR-556, bearing serial number 858-61994, which defendant acknowledges was manufactured outside the State of Illinois and traveled in interstate commerce prior to his possession of the firearm. That evening, defendant and Individual A drove in a black 2014 Chrysler 300 sedan (the "Chrysler") to a school located in the area of 6200 South Princeton Avenue in Chicago. They parked the Chrysler in the school parking lot. Defendant was armed with the Ruger AR-556 because he was there to shoot and kill Victim B. Individual A was also armed with a firearm. At approximately 11:15 p.m., Victim B exited one of the school buildings. Around that same time, defendant and Individual A got out of the Chrysler and shot at Victim B, who survived the shooting.

On the afternoon of January 27, 2022, defendant and Individual B drove in the Chrysler to the Youth Peace Center of Roseland, located at 420 West 111th Street in Chicago (the "Youth Peace Center"). Defendant and Individual B were there to shoot and kill Victim A as consideration for the promise and agreement to pay a sum of money from Individual C. To that end, defendant was armed with the Ruger AR-556, and Individual B was in possession of a firearm.

4

Defendant and Individual B arrived at the Youth Peace Center in the Chrysler at approximately 2:22 p.m. They waited in the Youth Peace Center parking lot for Victim A to leave the building. At approximately 2:59 p.m., Victim A exited the Youth Peace Center. As Victim A walked across the parking lot to his car, defendant and Individual B got out of the Chrysler and shot at Victim A. Victim A fled eastbound away from the shooters. Defendant pursued Victim A on foot and continued shooting at him. Victim A eventually collapsed on the other side of the nearby train tracks. Defendant approached Victim A and shot him numerous times. Victim A died as a result of the shooting. Defendant fled from the scene on foot and concealed the AR-556 in the backyard of a nearby vacant residence. As defendant chased down and killed Victim A, Individual B shot the Youth Peace Center's security guard, who survived the shooting. After shooting the security guard, Individual B fled from the scene on foot.

Following the murder of Victim A, defendant collected money that he been offered as consideration for Victim A's murder.

## Maximum Statutory Penalties

7.     Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

a.     A maximum sentence of life imprisonment. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation for this offense. This offense also carries a maximum fine of $250,000.

5

Defendant understands that the Court also may impose a term of supervised release of not more than five years.

b.       Defendant understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

c.       Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pleaded guilty, in addition to any other penalty or restitution imposed.

## Sentencing Guidelines Calculations

8.       Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

6

9. For purposes of calculating the Sentencing Guidelines, the government's position as of the date of this Agreement is as follows:

a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely, the November 1, 2025 Guidelines Manual.

b. **Offense Level Calculations**.

i. The base offense level is 43, pursuant to Guideline § 2A1.1.

ii. The offense level is increased by two levels, pursuant to Guideline § 3C1.1, because defendant obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction.

iii. The government understands that defendant will truthfully admit the conduct comprising the offense of conviction and truthfully admit or not falsely deny any additional relevant conduct for which the defendant is accountable under Guideline § 1B1.3. Therefore, based upon facts now known to the government, defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant

7

continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iv.     In accordance with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c.     **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal 15 and defendant's criminal history category is VI:

i.     On or about September 5, 2018, defendant was convicted of aggravated unlawful use of a weapon in the Circuit Court of Cook County, Illinois, in Case Number 17CR1750701, and sentenced to a one-year term of imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives three criminal history points for this sentence.

8

ii.     On or about September 5, 2018, defendant was convicted of aggravated unlawful use of a weapon in the Circuit Court of Cook County, Illinois, in Case Number 18CR0380401, and sentenced to two years' imprisonment. Although the sentence was imposed on the same date as the sentence imposed in Case Number 17CR1750701, the sentences are counted separately, pursuant to Guideline § 4A1.2(a)(2), because they were imposed for offenses that were separated by an intervening arrest. Pursuant to Guideline § 4A1.1(a), defendant receives three criminal history points for this sentence.

iii.     On or about January 6, 2023, defendant was convicted of felon in possession of a firearm in the Circuit Court of Cook County, Illinois, in Case Number 19CR1258201, and sentenced to four years' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives three criminal history points for this sentence.

iv.     On or about January 6, 2023, defendant was convicted of felon in possession of a firearm in the Circuit Court of Cook County, Illinois, in Case Number 22CR0521001, and sentenced to four years' imprisonment. Although the sentence was imposed on the same date as the sentence imposed in Case Number 19CR1258201, the sentences are counted separately, pursuant to Guideline § 4A1.2(a)(2), because they were imposed for offenses that were separated by an intervening arrest. Pursuant to Guideline § 4A1.1(a), defendant receives three criminal history points for this sentence.

9

v.      On or about January 6, 2023, defendant was convicted of receipt or possession of a stolen vehicle in the Circuit Court of Cook County, Illinois, in Case Number 22CR0497701, and sentenced to four years' imprisonment. Although the sentence was imposed on the same date as the sentences imposed in Case Number 19CR1258201 and Case Number 22CR0521001, the sentences are counted separately, pursuant to Guideline § 4A1.2(a)(2), because they were imposed for offenses that were separated by intervening arrests. Pursuant to Guideline § 4A1.1(a), defendant receives three criminal history points for this sentence.

d.      **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the government anticipates the offense level to be 42 which, when combined with the anticipated criminal history category of VI, results in an anticipated advisory sentencing guidelines range of 360 months' to life imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.      Defendant and his attorney and the government acknowledge that the guidelines calculations set forth in this Agreement are preliminary in nature and are non-binding predictions upon which neither party is entitled to rely. Defendant understands the above calculations are based on information now known to the government and that further review of the facts or applicable legal principles may lead the government to change its position on the guidelines calculations. Defendant understands that the Probation Office will conduct its own investigation

10

and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the defendant's, the probation officer's, or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of a change in the government's position on the guideline calculations or the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by the government prior to sentencing. The government may correct these errors by a statement to the Probation Office or the Court, setting forth any changes in the government's position regarding the guidelines calculations. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea on the basis of such corrections.

## Agreements Relating to Sentencing

11. This Agreement will be governed, in part, by Fed. R. Crim. P. 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of not less than 35 years and not more than 45 years. Each party is free to recommend whatever sentence it deems appropriate within this range. Other than the agreed

11

term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration set forth, defendant may not withdraw this plea as a matter of right under Fed. R. Crim. P. 11(d) and (e). If, however, the Court refuses to impose the agreed term of incarceration set forth herein, thereby rejecting this Agreement, or otherwise refuses to accept defendant's plea of guilty, either party has the right to withdraw from this Agreement.

12. Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant, together with any jointly liable co-defendants, to make full restitution to victims in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing.

13. Restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

14. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

12

15. After sentence has been imposed on the superseding information to which defendant pleads guilty as agreed herein, the government will move to dismiss the indictment as to defendant.

## Forfeiture

16. Defendant understands that, by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property involved in the offense.

17. Defendant agrees to forfeiture of the following specific property to the United States: a Ruger AR-556, bearing serial number 858-61994, and associated ammunition. In doing so, defendant admits that the property described above represents property involved in the offense. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific property is not yet in the custody of the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

18. Defendant understands that forfeiture shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

19. Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried

13

out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

20.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 23 CR 546.

21.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

22.     Defendant understands that, by pleading guilty, he surrenders certain rights, including the following:

a.     **Right to be charged by indictment.** Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a

14

concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

      b.    **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

      i.    The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

      ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

      iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a

reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

        iv.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

        v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

        vi.      At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

        c.      At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

        d.      With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether

16

the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

      c.      **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

23.    Defendant understands that, by pleading guilty, he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

**Presentence Investigation Report/Post-Sentence Supervision**

24.    Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall endeavor to ensure that the relevant facts and sentencing factors, as applied to the facts, are brought to the District Court's attention fully and accurately, including facts related to the defendant's criminal conduct and related conduct, and any relevant information concerning the defendant's background, character, and conduct that the District Court may consider under 18 U.S.C. § 3661 in imposing a sentence.

25.    Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of

18

justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

26.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

27.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any ordered fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

28.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### Conclusion

19

29.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

30.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

20

31. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

32. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: April 16, 2026

/s/ Christopher K. Veatch
CHRISTOPHER K. VEATCH
For the United States Attorney

JARED JODREY
RICHARD M. ROTHBLATT
Assistant United States Attorneys

ANTHONY MONTGOMERY-WILSON
Defendant

KEITH SPIELFOGEL
DARRYL GOLDBERG
Attorneys for Defendant

21